UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, NJ 07039
(973) 597-9100
Jay L. Lubetkin
*Proposed Counsel to Jay L. Lubetkin, Esq.,*
*Chapter 7 Trustee*

| | |
|---|---|
| In Re: | Case No.: 19-10361 |
| VINCENT GOODMAN, | Judge: Vincent F. Papalia |
| Debtor. | Chapter: 7 |

## APPLICATION FOR RETENTION OF PROFESSIONAL

1. The applicant, __Jay L. Lubetkin__, is the (check all that apply):

   ☒ Trustee:     ☒ Chap. 7     ☐ Chap. 11     ☐ Chap. 13.

   ☐ Debtor:      ☐ Chap. 11    ☐ Chap. 13

   ☐ Official Committee of _____

2. The applicant seeks to retain the following professional __BK Global Real Estate Services, LLC__ to serve as (check all that apply):

   ☐ Attorney for:     ☐ Trustee        ☐ Debtor-in-Possession

   ☐ Official Committee of _____

   ☐ Accountant for:   ☐ Trustee        ☐ Debtor-in-possession

   ☐ Official Committee of _____

   ☒ Other Professional:

    ☒   Realtor     ☐   Appraiser     ☐   Special Counsel

    ☐   Auctioneer   ☐   Other (specify): _____

3. The employment of the professional is necessary because:
The Trustee requires assistance of real estate brokers to aid in the marketing of the Debtor's residence for sale.

4. The professional has been selected because: of its considerable experience in marketing residential real estate properties which are the subject of bankruptcy proceedings, and in connection therewith, negotiating carveouts and other accommodations from secured creditors for the benefit of bankruptcy estates.

5. The professional services to be rendered are as follows:

    a. Marketing and advertising the availability for sale of the Debtor's residence, including by listing the property with the Garden State Multiple Listing Service; and

    b. Negotiating with secured creditors in an effort to maximize the return to the bankruptcy estate.

6. The proposed arrangement for compensation is as follows: Compensation shall be paid to all brokers, collectively, in the amount of 6% of the sale price of the Debtor's residence. Such compensation shall be paid 2% to Keller Williams Midtown Direct as set forth in the Garden State Multiple Listing Service Agreement attached to its retention pleadings, 2% to BK Global Real Estate Services as set forth in the Real Estate Brokerage Listing Agreement attached to its retention pleadings, and 2% to the broker procuring a buyer, if applicable. Compensation shall be due to the brokers only upon closing of a sale transaction, and as is approved by the Bankruptcy Court in a subsequent fee application, or in a Bankruptcy Court Order approving the sale of the Debtor's residence. A copy of

      the proposed Real Estate Brokerage Listing Agreement between the applicant and BK Global Real Estate Services, LLC is attached hereto as Exhibit "A."

7. To the best of the applicant's knowledge, the professional's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

    ☒ None

    ☐ Describe connection:

8. To the best of the applicant's knowledge, the professional (check all that apply):

    ☒ does not hold an adverse interest to the estate.

    ☒ does not represent an adverse interest to the estate.

    ☒ is a disinterested person under 11 U.S.C. § 101(14).

    ☒ does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

    ☐ Other; explain: _____
    _____

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: Debtor's real property located at 325 East Lake Avenue, Rahway, New Jersey 07065

The applicant respectfully requests authorization to employ the professional to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date:  February 12, 2019                      /s/ Jay L. Lubetkin
                                                                   Signature of Applicant